**DAVID K. BERTAN**
ATTORNEY AT LAW
41 EAST 11TH STREET, 11TH FLOOR
NEW YORK, NEW YORK 10003

(718) 742-1688
E-MAIL: DBERTAN@YAHOO.COM

September 10, 2024

*Via ECF*

Hon. Kimba M. Wood, United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Hon.

    Re:   USA v. De Los Santos 24-cr-155 KMW)

Dear Judge Wood:

    Time served is the correct sentence in this case. Mr. De Los Santos is 55 years old. He takes care of his wife, who is incapacitated and needs his assistance. He has already lost his job at NYCHA because of his conduct in this case, will owe restitution and forfeiture, and is now trying to earn money by doing odd jobs. He paints houses, does power-washing, helps build and repair decks, essentially doing whatever he can to continue working. He candidly admitted his actions soon after being charged in this case, and has never been in trouble before this case. Probation's recommendation of 9 months, half of the minimum advisory guideline range, is flat-out wrong.

    On March 19, 2024, Mr. De Los Santos pleaded guilty[1] to accepting bribes while an employee of NYCHA. At that time, he accepted responsibility for his conduct. Sentencing is scheduled for October 10, 2024.

    The conduct in this case is detailed in the PSR. In 2017, shortly after he became a superintendent, Mr. De Los Santos accepted payments from

---

[1] Mr. De Los Santos' plea agreement sets forth an agreed-upon advisory guideline range of 18-24 months. Probation agrees with this calculation. *See,* PSR ¶¶ 23-39, 77.

Hon. Kimba M. Wood, United States District Judge
September 10, 2024
Page 2 of 7

contractors in exchange for repair contracts. He did so because he needed the money. This continued until Mr. De Los Santos was arrested in 2024. When he pleaded guilty, Mr. De Los Santos acknowledged his guilt, admitting to the conduct charged. As part of the plea agreement, Mr. De Los Santos immediately resigned from NYCHA, where he had worked continuously since 1997.

**The 3553 Factors**

18 USC § 3553 Under 18 USC 3553 (a)(1), a sentencing court must consider the nature and circumstances of the offense, and the defendant's history and characteristics. Under section (a)(2), the court must consider the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment; to provide deterrence; to protect the public from further crimes of the defendant; to provide the defendant with any needed rehabilitative services; and, where appropriate, to avoid unwarranted sentencing disparity. Here, careful consideration of all the 3553 (a) factors shows that incarceration for Mr. De Los Santos would be inappropriate and unduly harsh.

While the nature and circumstance of the offense is serious, it should be kept in mind that this is a non-violent offense. In addition, although Mr. De Los Santos did accept the payments, the contractors performed proper and appropriate work under the contracts. These were not "no show" contracts, and Mr. De Los Santos, as superintendent, made sure to confirm that the work was being carried out in accordance with industry standards.

With regard to Mr. De Los Santos' history and characteristics, the PSR shows that Mr. De Los Santos was an industrious and dedicated worker. Born into a middle-class family living in New York City, Mr. De Los Santos started working at a young age. He left high school after the 11th grade in order to work. As a teenager, he worked for his uncle, a mechanic; he cleaned tools and learned how to fix cars. A decent student, he enjoyed playing basketball and baseball. He finally obtained his GED in 2005, while working at NYCHA.

Mr. De Los Santos' history at NYCHA shows how he worked himself up the ladder. He started as a caretaker, cleaning buildings, and was promoted to a higher level of caretaker, cleaning out apartments and collecting garbage. He then was promoted to heating technician, working on hot water and steam

distribution systems; his next promotion was as an advanced heating technician/burner mechanic, where he worked on boilers. Mr. De Los Santos was eventually made an assistant superintendent, and ultimately a building superintendent, which was his most recent position at NYCHA. He was suspended without pay upon his arrest and resigned when he pleaded guilty.

While the PSR gives biographical data, the better way to learn Mr. De Los Santos' history and characteristics is to read what others say about him. Aaron Puello, Mr. De Los Santos' nephew, calls Mr. De Los Santos his friend as well as his uncle. He was a strong supporter, a guiding light, and taught Aaron boundaries, respect, and responsibility. Empathetic; Mr. De Los Santos was also a good listener for Aaron, helping him guide his emotions and create a sense of self-confidence. To Aaron, Mr. De Los Santos was a father figure.

Carmen Puello, Mr. De Los Santos' sister, tells how she helped to raise him while their mother worked to help support the family. To her, he showed qualities of honesty, responsibility, and commitment to family and friends. He helped his other siblings with their homework and their chores.

Dylek Tyson, a family friend, writes about how on a freezing January morning, Mr. De Los Santos came to his home to fix the broken boiler. To Mr. Tyson, a Corrections Officer, Mr. De Los Santos is a hero.

Elizabeth Mr. De Los Santos is Victor's sister. She sees him pulling the family together, along with the elderly in their community, for holidays. He provides guidance, love, and support for children, staying involved in their lives and being a positive role model. He is always willing to help others.

Fernando Puello Victor's brother. He sees how Victor brings joy and laughter to others; he has always been Fernando's guide and support, providing criticism when needed, along with guidance and love. He sees Victor as a role model due to his honesty and work ethic.

Johnika Barnes, a friend, also sees the supportive side of Mr. De Los Santos. He has been there to help, whether it was car trouble, or scheduling issues regarding her children. As Johnika notes, "Victor always comes through, offering his assistance without hesitation."

Hon. Kimba M. Wood, United States District Judge
September 10, 2024
Page 4 of 7

Prettina McNair is Mr. De Los Santos' wife. They have been married for 36 years, and they have two daughters and one grandson. Victor supports her mentally and physically; he takes her to her medical appointments and physical therapy sessions, and makes sure her prescriptions are current. He takes care of all the household chores, from shopping to laundry, dog walking, cleaning, and cooking.

Victavia De Los Santos is Victor's daughter and namesake. She notes his work ethic, and his dedication to both his job and his family. He made sure she was on the right path, that the family had food, and was safe. Despite his work obligations, he was present at all her school events. He taught her how to ride a bike, how to tie her shoes, how to "move through this world with respect and morals, and that you have to put in the work…".

Veronica McNair, Victor's sister-in-law, has known him for more than 40 years. She describes him as a family man, supportive to his children, and a father figure to his grandson. As an example of his willingness to help others, she writes how when she was injured, and had no money, Victor fixed her plumbing problem. She notes "this is not a bad guy standing before you".

There are many more letters[2]: all with the same theme. Mr. De Los Santos is a dedicated family man who is always willing to help others. He is a dedicated worker, whose ethic helped shape his daughters. He is the rock in his family. That is the man who stands before you for sentencing; those are his characteristics.

The remaining factors under § 3553 also justify a sentence of time served. Under section (a)(2), the court must consider the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment; to provide deterrence; to protect the public from further crimes of the defendant; to provide the defendant with any needed rehabilitative services; and, where appropriate, to avoid unwarranted sentencing disparity.

The first factor, the need for the sentence to reflect the seriousness of the offense, is clearly satisfied by a non-jail sentence. While the crime is

---

[2] The attached exhibit includes the letters referenced above, along with other letters from family and friends.

Hon. Kimba M. Wood, United States District Judge
September 10, 2024
Page 5 of 7

serious, it was not a crime of violence, nor did it involve narcotics or weapons. Instead, Mr. De Los Santos took money from contractors who were granted low-level contracts for building repairs and services. While not an excuse, the services were properly performed: Mr. De Los Santos took seriously his job as superintendent, and made sure the work was properly completed. Going forward, Mr. De Los Santos will have a felony conviction; that, along with the restitution, forfeiture, and supervision, would adequately reflect the seriousness of the offense. For the same reasons, a non-jail sentence, for a non-violent, purely financial crime, would promote justice. Sending Mr. De Los Santos to jail, at his age (Statistics clearly show how unlikely it is for older men to commit further crimes), would be an injustice.

Likewise, the financial penalties, along with a term of probation, provide just punishment here. This Court should keep in mind the other, more subtle punishments involved here; Mr. De Los Santos is humiliated by his conduct here. He must live with the stigma of a criminal conviction, which, as shown by the letters, is truly foreign to him and his family and friends. He already lost his job, and is reduced to scrambling for odd jobs in order to work and earn money. These additional factors, along with probation, are sufficient to provide just punishment here.

Deterrence is similarly satisfied by time served. Considering specific deterrence, Mr. De Los Santos will not re-offend. He has learned his lesson from this one transgression in his 55 years. He is sufficiently deterred. As to general deterrence, the public will see that Mr. De Los Santos has lost his job, is being monitored by this Court, and is now a convicted criminal. All for a few dollars. These punishments would be sufficient warning to others who might consider engaging in the crime here.

Rehabilitation is not a factor here. Mr. De Los Santos is 55 years old. He needs no further education to understand the wrongfulness of his conduct, and requires no additional training to continue working. In fact, a sentence of time served could show prospective employers that Mr. De Los Santos is worthy of a job, even with a criminal record.

This Court should also consider Mr. De Los Santos' status as a caretaker for his wife. Under USSG § 5H1.6, where family circumstances are deemed extraordinary, a sentencing court can consider them in determining an appropriate sentence. In *United States v. White*, 301 F.Supp.

2d 289 (SDNY 2004), Judge Chin determined that under 5H1.6, he had the discretion to impose a below-guidelines sentence. According to Judge Chin, when the imposition of a guidelines sentence will result in extraordinary hardship to a defendant's family, the defendant's family circumstances can be considered a mitigation factor in deciding a sentence. There, Judge Chin considered three questions in determining whether family circumstances warrant a downward departure: does the court have the power to depart; if so should the court exercise its discretion to do so; and, if so, to what extent should the court depart?

Here, this Court undoubtedly has the power to impose a lower sentence than provided by the Guidelines[3]. Under 5H1.6, the Sentencing Commission gave sentencing courts the discretion to consider family circumstances in determining whether a below-guidelines sentence is appropriate.

In resolving the question of whether this Court should depart, Mr. De Los Santos' status as his wife's caretaker is extraordinary and warrants a significantly reduced sentence. Ms. McNair has multiple medical issues. She suffers from diabetes, hypertension, high cholesterol, and neuropathy. As a result of a work-related back and neck injury, Ms. McNair cannot drive: Mr. De Los Santos takes her to her medical appointments, therapy sessions, and is otherwise her only means of transport. He also assists in taking care of her mother, who suffers from dementia, and her disabled brother, who is in a wheelchair. Given his wife's medical issues, and her dependency on him to maintain their home and take her to her medical appointments, incarcerating Mr. De Los Santos for any period of time would be an undue hardship for her. In light of Ms. McNair's medical issues, and the fact that Mr. De Los Santos is convicted of a financial crime, and not a violent crime, Mr. De Los Santos' status as her caretaker is sufficiently extraordinary to warrant a substantial variance in his sentence.

Mr. De Los Santos committed a crime. He candidly admitted his conduct quickly after his arrest, and has expressed true remorse and regret for his actions. He has no criminal history, a strong background of helping others and working hard to support his family. He has lost a job he held for decades,

---

[3] *White*, *supra*, was decided the year before the Supreme Court's decision in *United States v. Booker*, 543 US 220 (2005). At that time, the Guidelines were still mandatory, and thus the only way to impose a lower sentence was to formally find a basis for a departure.

Hon. Kimba M. Wood, United States District Judge
September 10, 2024
Page 7 of 7

left that career in shame, and now has a criminal conviction.  The shame and embarrassment he suffers is an additional punishment, and will follow him far longer than any unnecessary jail sentence.  The appropriate punishment here is a sentence that does not include jail, along with a sufficient period of court-monitored supervision.  Such a sentence would be sufficient but not greater than necessary to achieve the ends of punishment.

Very truly yours,

David K. Bertan

DKB
cc:    AUSA Catherine Ghosh (Via ECF)